IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN A. VASSEN,

    Petitioner,

vs.                                       Case No. 15-cv-243-DRH

UNITED STATES OF AMERICA,

    Respondent.

### ORDER

This matter is before the Court on the government's motion to dismiss (Doc. 7) the petitioner, John Vassen's, § 2255 petition (Doc. 1). For the reasons discussed herein, the motion to dismiss is **DENIED** and the government is **DIRECTED** to respond to the petitioner's § 2255 petition no later than July 24, 2015.

### BACKGROUND

On October 17, 2013, Vassen pleaded guilty to an information, pursuant to a plea agreement negotiated with the Government. (Doc. 6). In the plea, Vassen agreed that, with very limited exceptions, he would neither appeal nor present any collateral challenge to his conviction or sentence. On February 19, 2014, Vassen appeared before the District Court for sentencing, at which time he was sentenced to 24 months' imprisonment. (Doc. 25) Judgment was entered on February 19, 2014. (Doc. 28). Vassen did not file a direct appeal.

Vassen filed the instant post-conviction petition (Doc. 1), on March 5, 2015. The original 2255 petition purports to contain three complaints of error. For his

first complaint of error Vassen contends his counsel was ineffective in that he failed to adequately advise Vassen as to the consequences of pleading guilty. For his second claim of error Vassen claims his counsel was ineffective in that he failed to adequately investigate his case because he did not obtain a forensic account. For his third claim of error Vassen merely states "Will be included in Supplemental Memorandum." Vassen filed a supplemental § 2255 memorandum on March 11, 2015. In this memorandum, Vassen asserts his attorney was ineffective because he failed to object when Vassen was sentenced in 2014 using the 2013 Guideline Manual.

The government contends Vassen's § 2255 petition should be dismissed because he knowingly and voluntarily waived appellate and post-conviction rights. The government further contends all three of Vassen's claims fail to articulate a cognizable constitutional violation. Finally, as to Vassen's third claim of error, the government contends it should be dismissed as untimely.

## ANALYSIS

Plea-agreement waivers of the right to appeal and/or collaterally attack a conviction and sentence are generally upheld and enforced, unless the "plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller v. United States*, 657 F.3d

675, 681 (7th Cir. 2011) (*quoting Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)).

In the instant case, Vassen is asserting ineffective assistance of counsel in connection with his plea agreement. Accordingly, Seventh Circuit precedent mandates Vassen be entitled to a collateral attack and for this reason the government's motion to dismiss must be **DENIED**. In denying the government's motion to dismiss, the Court makes no finding as to whether Vassen has asserted cognizable constitutional violations or whether Vassen's claims were timely filed. The Court is merely recognizing Vassen has asserted claims of ineffective assistance of counsel. If these claims are cognizable, the Court cannot preclude Vassen from pursuing them on grounds of waiver.

## CONCLUSION

For the reasons discussed herein, the government's motion to dismiss is **DENIED**. **FURTHER**, the Court **DIRECTS** the government to file a response, addressing the merits of petitioner's claims for ineffective assistance of counsel, no later than **July 24, 2015**. The government may reassert any arguments pertaining to timeliness at that time.

**IT IS SO ORDERED.**

**Signed this 23rd day of June, 2015.**

Digitally signed by David R. Herndon
Date: 2015.06.23 15:37:12 -05'00'

United States District Judge